UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Anthony Hamilton, | Civ. No. 08-2500 (PAM/RLE) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Warden Roehrich, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Raymond L. Erickson dated March 17, 2009. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action with prejudice. Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Petitioner was convicted in Minnesota state court of several counts of robbery, assault, and theft arising out of his attempt to shoplift frozen shrimp from a Rainbow Foods grocery store in Minneapolis, Minnesota. He is now serving a sentence of 98 months in a Minnesota state correctional facility. He brought this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, contending that several aspects of his trial violated his rights under the United

States Constitution.

Petitioner's specific contentions are difficult to discern.  Magistrate Judge Erickson discussed the five grounds for relief raised in the Petition itself: (1) the allegedly improper mention of race during the prosecutor's closing argument; (2) the allegedly improper disqualification of a black juror; (3) the prosecutor's restricted law license; (4) alleged ineffective assistance of counsel in failing to introduce evidence of Petitioner's own post-arrest injuries; and (5) alleged ineffective assistance of trial counsel in failing to call a medical expert to testify.  However, in his Objections to the R&R, Petitioner seems to have abandoned some of these claims[1] and raised at least one new claim.  Objections to an R&R are not the appropriate place to raise new claims for relief.  However, given that neither the initial claims nor the new claim have any merit, the Court finds that there is no reason to allow Petitioner to amend the Petition to include the new claim.  The Court will discuss this claim as if fully presented in the Petition.

**DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners.  In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

---

[1] For example, although Petitioner mentions the prosecutor's restricted law license in his Objections, he does not appear to contend that the prosecutor's restricted status had any substantive effect on the trial or on his conviction.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Moreover, this Court may not consider claims that were not presented to the state courts either on direct appeal or in post-conviction proceedings unless Petitioner can show cause for his failure to so present the claims and prejudice as a result, or can establish his actual innocence.  See Weeks v. Bowersox, 119 F.3d 1342, 1349 (8th Cir. 1997) ("A state prisoner wishing to raise claims in a federal petition for a writ of habeas corpus ordinarily must first present those claims to the state court . . . ."); Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002) (setting forth cause and prejudice standard for procedurally defaulted habeas claims).

This case is unusual: Petitioner admits that he committed the underlying offense, namely shoplifting.  (Obj. at 2 ("Simply because I was shoplifting shrimps for Christmas.")) He seems to believe, however, that the state should not have prosecuted him, or perhaps should have prosecuted him for a lesser offense, because he allegedly suffered injuries when Rainbow Foods employees attempted to subdue him after discovering the shoplifting.  Thus, although Petitioner contends that some aspects of his trial were constitutionally deficient, he does not and cannot establish that, absent those deficient elements, he would not have been

3

convicted of the crime charged.[2] Moreover, none of Petitioner's arguments in the Objections acknowledge the restrictive AEDPA standard quoted above. This Court cannot revisit a state court's determinations merely because Petitioner claims that there was a "cover-up" or a "miscarriage of justice." (Obj. at 1.) The only claims this Court may consider are claims that the state courts made a ruling that either was contrary to clearly established federal law or was an unreasonable application of that law. Petitioner has utterly failed to raise any such claims here.

**A.      Prosecutor's Alleged Misconduct**

Petitioner raises several distinct assertions with respect to the prosecutor's conduct at his trial. First, he contends that the prosecutor improperly discussed race both in her closing argument and in questioning a witness. Second, he argues that the prosecutor improperly struck a black juror during voir dire.[3]

A prosecutor's comments will warrant habeas corpus relief only when those comments so infect the trial as to render the result constitutionally suspect. Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998). In other words, Petitioner cannot show a violation of his constitutional rights unless he can establish that the result of the trial would

---

[2] Petitioner does argue that he was wrongfully convicted of biting the hand of one of the Rainbow Foods security guards. It is not clear from the record that there was a separate conviction for such a bite, or whether the alleged biting was merely part of the overall conviction for assault. Petitioner does not deny that he was involved in an altercation.

[3] He also contends that the prosecutor allegedly lied about or withheld key evidence. (Obj. at 11-12.) This claim was not raised in his Petition and in any event has no merit.

have been different absent the alleged prosecutorial misconduct about which he complains. Mack v. Caspari, 92 F.3d 637, 643 (8th Cir. 1996).

This Court does not take lightly allegations of racial bias in criminal proceedings. It is a matter of great concern when a prosecutor improperly injects race into a criminal trial, either through comments or through improper preemptive strikes. In this case, however, Petitioner has not established that any of the comments the prosecutor made were improper. Rather, as Chief Magistrate Judge Erickson noted, those comments were in keeping with the evidence adduced at trial, which was that Petitioner told another Rainbow Foods security guard that because the guard was black and Petitioner was black, Petitioner would not attempt to shoplift during the guard's work shift. It was not improper for the prosecutor to mention this testimony. Neither has Petitioner offered anything other than supposition surrounding the allegedly improper strike of a black juror from the venire. The Court cannot find racial bias or a constitutional violation from the mere fact that the prosecutor struck one black juror. Petitioner's claims regarding alleged prosecutor misconduct are without merit and must be denied.

**B.     Ineffective Assistance of Counsel**

To prove ineffective assistance of counsel, Petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Prejudice" requires a reasonable probability that the result of the proceeding

would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

Petitioner claims that his trial counsel was constitutionally deficient in failing to introduce his medical records that allegedly showed that he was assaulted during the post-shoplifting altercation, and in failing to call a medical expert to testify about the alleged bite marks suffered by the security guard.  Even if the jury had considered such evidence, however, the result of the proceeding would not have been different.  Petitioner argues that a medical expert would have testified that the injuries the security guard suffered were not a result of Petitioner biting him but instead were a result of him striking Petitioner in the face, breaking Petitioner's tooth.  This evidence does not help Petitioner, but merely supports the prosecution witnesses' testimony that Petitioner engaged in an altercation after he was discovered leaving the store with the frozen shrimp.  Under the Strickland test, Petitioner has failed to show that the allegedly deficient performance of his trial counsel prejudiced Petitioner's defense in any meaningful way.  His claim on this ground must be denied.

**C.     Bite Mark Evidence**

Apparently for the first time, Petitioner contends in his Objections that the admission of bite mark evidence unconstitutionally prejudiced his defense. He asserts that "The United States Supreme Court should give convicts a constitutional right to test 'bite marks' evidence." (Obj. at 15.)  In support of this assertion, he quotes from a newspaper article detailing false bite-mark testimony offered by a dentist in Mississippi state criminal proceedings.

Even if all bite mark evidence was suspect, as Petitioner apparently believes, Petitioner has not established what he is required to establish for relief under AEDPA, namely that there is a clearly established federal law with respect to bite mark evidence and that the state courts either ignored that law or unreasonably applied it. Absent federal law on the subject, the Court cannot entertain Petitioner's claims.

**CONCLUSION**

Petitioner has failed to establish that the state courts acted in derogation of federal law. As Chief Magistrate Judge Erickson concluded, the Petition must be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 16) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Monday, April 20, 2009</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge
